[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10910
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-01558-EAK-TBM


LORETTA M. POWELL,

Plaintiff-Appellant,

versus

INDEPENDENT INVENTORY SERVICE INC.,
a.k.a. Accurate Inventory and Calculating Services,
AICS OF WEST FLORIDA, LLC,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 17, 2013)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Loretta Powell, who proceeded pro se and in forma pauperis ("IFP") below and now proceeds through appointed counsel, appeals the dismissal without prejudice of her Amended Complaint for failure to effectuate service within the period required by Federal Rule of Civil Procedure 4(m) ("Rule 4(m)").  After review, we vacate the dismissal and remand for further proceedings.[1]

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Original Complaint

In her original, July 15, 2010 Complaint, Powell named "Accurate Inventory and Calculating Se[rvices]" ("AICS") as the defendant and alleged federal claims for violations of:  (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a); (2) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a); and (3) the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a).[2]  Powell alleged that AICS, as her employer, had unlawfully discriminated against her.

Because Powell proceeded IFP, she was entitled to have the United States Marshal serve the defendant.  When a plaintiff is granted IFP status, "officers of the court shall issue and serve all process, and perform all duties in such cases."

---

[1]The defendants-appellees were never served and did not file a brief with this Court.

[2]The Complaint also included state law claims for negligence and intentional infliction of emotional distress.

2

28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3) (providing that the district court must order a United States Marshal to serve a summons and a copy of the complaint for an IFP plaintiff).

Powell completed a summons form, and the Marshal served Defendant AICS via its registered agent, Brian Miller, at 319 Clematis Street, Suite 215, West Palm Beach, Florida 33401.

AICS then filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, stating that it "was not Plaintiff's employer." Instead, according to AICS, Powell worked for Independent Inventory Service, Inc., a separate company operating under the name, "AICS of West Florida, Inc."[3]

The district court granted the motion to dismiss, concluding that Powell "simply sued the wrong entity." Subsequently, the district court granted Powell's motion for leave to amend her Complaint to name the proper defendant.

## B.  Amended Complaint

On April 14, 2011, Powell filed her Amended Complaint, naming as defendants Independent Inventory Service, Inc. ("IIS") and AICS of West Florida, LLC ("AICS-West Florida"). Powell alleged the same claims against these defendants as in her original Complaint. Powell completed a summons form for

---

[3]AICS acknowledged that, in April 2009, a single company, AICS Holdings, LLC, acquired the assets of AICS and Independent Inventory Service, Inc. (which included AICS of West Florida, Inc.). AICS stated that "the two companies continue to exist as separate and distinct legal entities."

3

IIS showing its registered agent as Joseph R. Swiney at 1011 N.W. Hodent Road, Arcadia, Florida 34266, and a summons form for AICS-West Florida showing its registered agent as Brian Miller (also the registered agent for AICS) at 319 Clematis Street, Suite 215, West Palm Beach, Florida 33401.

On June 20, 2011, the Marshal returned service unexecuted as to both defendants.  As to IIS, the Marshal reported he had twice attempted to serve Swiney at the provided address, and that, on his second attempt, a neighbor had informed him that Swiney had moved to Blountville, Tennessee.  As to AICS-West Florida, the Marshal reported he had attempted to serve Miller three times and, on each attempt, had not found anyone at the provided office address.  On his second attempt, the Marshal waited outside the office for 45 minutes.

After learning of the Marshal's inability to serve the defendants, Powell sent the district court a July 29, 2011 letter asking that court to grant permission "to serve the defendants again at the address that is stated by the neighbor to The United States Marshals Service" and to allow her "to serve the defendants again at the listed address."  Powell stated, "The Registered Agents listed on the front of my claim [are] still with the same address . . . ."  This July 29 letter is entered on the district court docket.

## C.  August 16, 2011 Show Cause Order

4

On August 16, 2011, the district court issued an order instructing Powell to show cause within ten days why service had not been made on the defendants within 120 days of the April 14, 2011 filing of her Amended Complaint as required by Rule 4(m). The district court advised that, if Powell failed to do so, "the action shall be dismissed without prejudice." The district court clerk mailed a copy of the show cause order to Powell, and Powell does not contest receiving it.[4]

A week later, on August 23, 2011, Powell completed new summons forms. Although Powell did not file a formal response to the show cause order, the docket entries show that she did provide new addresses for each defendant on August 23. As to Defendant IIS, Powell provided a new address for IIS's registered agent, Joseph Swiney, Jr.—339 R North Mills Avenue, Arcadia, Florida 34266.[5] As to Defendant AICS-West Florida, Powell informed the court that that defendant's registered agent, Brian Miller, could also be found at 339 R North Mills Avenue, Arcadia, Florida 34266. Although the district court clerk issued the summons forms to the Marshal for service, there is no docket entry indicating that the Marshal ever attempted service at these new addresses.

---

[4]The order was mailed to 4105 Hillcrest Circle, Tampa, Florida 33617, which is the address that Powell provided on the original Complaint and the Amended Complaint. The docket reflects that the district court sent Powell copies of all orders discussed herein to this same address.

[5]On the April 14, 2011 summons form, Powell named IIS's registered agent as "Joseph R. Swiney." However, on the August 23, 2011 summons form, Powell named IIS's registered agent as "Joseph Swiney, Jr."

### D.  November 22, 2011 Dismissal

Apparently because Powell did not formally respond to the show cause order, the district court, on November 22, 2011, made a docket entry that reads:

> ENDORSED ORDER dismissing case pursuant to [docket entry number] 45 Order to show cause why this complaint should not be dismissed for failure to prosecute and why this cause of action should not be closed.  There has been no response to the order and the plaintiff has failed to effectuate service on the defendants.  The Clerk of Court is directed to close this case and to terminate any pending motions.  Signed by Judge Elizabeth A. Kovachevich on 11/22/2011. (SN) (Entered: 11/22/2011)

Other than this docket entry, the district court did not issue a separate written dismissal order or judgment.

### E.  Powell's Response and Motion to Reopen

On December 7, 2011, Powell filed: (1) a formal response to the show cause order, albeit untimely, stating she had "been trying to serve the defendants" and requesting that the district court not dismiss her case; and (2) a motion for an extension of time to serve the defendants.  The next day, on December 8, 2011, the district court made a docket entry denying Powell's motion for a time extension, stating that "nothing filed establishes good cause for the plaintiff's failure to respond to the orders of this court."

On January 19, 2012, Powell filed a "Motion to Re-Open Case," purportedly under Federal Rule of Civil Procedure 60(b).  On January 23, 2012, the district court made a docket entry stating Powell's motion to reopen was denied.

6

**F. Powell's Appeal**

On February 3, 2012, Powell filed a "Motion [for] Leave to Appeal in Forma Pauperis."[6] On February 16, 2012, at this Court's direction, the district court construed Powell's motion as a notice of appeal filed as of February 3, 2012. On February 28, 2012, the district court made a docket entry denying Powell's request for IFP status on appeal. Later, however, this Court granted Powell's motion for IFP status and appointed appellate counsel.

## II. DISCUSSION

**A. Subject Matter Jurisdiction**

We are "obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking." <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 975 (11th Cir. 2005) (internal quotation marks omitted). "[A] timely filed notice of appeal is prerequisite to this Court's jurisdiction." <u>Dresdner Bank AG v. M/V OLYMPIA VOYAGER</u>, 465 F.3d 1267, 1271 (11th Cir. 2006).

In a civil case, the notice of appeal must be filed "within 30 days after entry of the <u>judgment or order</u> appealed from." Fed. R. App. P. 4(a)(1)(A) (emphasis added). Powell's February 3, 2012 Notice of Appeal was not filed within 30 days

---

[6]In her "Motion [for] Leave to Appeal in Forma Pauperis," Powell does not make clear whether she seeks to appeal the district court's November 22, 2011 dismissal of her Amended Complaint or the January 23, 2012 denial of her Rule 60(b) motion. While Powell's brief states that she seeks to appeal "the denial of her Motion to Reopen Case," the content of Powell's brief pertains to the propriety of the underlying November 22, 2011 dismissal. Thus, we consider Powell's appeal as addressing the underlying dismissal.

7

of the district court's November 11, 2011 docket entry dismissing her Amended Complaint. Nevertheless, Powell's Notice of Appeal was timely because the federal rules provide for a different appeal time when the district court dismisses a complaint but makes <u>only</u> a docket entry and does <u>not</u> enter a separate written judgment or order.

Specifically, Federal Rule of Civil Procedure 58 provides that the 30-day appeal time for a dismissal by a docket entry without a separate written judgment or order does not begin to run until 150 days from that docket entry. <u>See</u> Fed. R. Civ. P. 58(c)(2)(B). Further, Rule 58(a) required the district court here to set out in a separate document its judgment dismissing Powell's Amended Complaint. Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .").

Because the district court was required to set out its judgment or order in a separate document and did not do so, Federal Rule of Appellate Procedure 4(a) provides that the "judgment or order" was considered entered after "150 days [ran] from the entry of the judgment or order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii); <u>see also</u> Fed. R. Civ. P. 58(c)(2)(B) ("[J]udgment is entered at the following times: . . . if a separate document is required, when the judgment is entered in the civil docket . . . and the earlier of these events occurs: (A) it is set

8

out in a separate document; or (B) 150 days have run from the entry in the civil docket.").

Consequently, Powell had 180 days from the November 22, 2011 dismissal, when the district court made its docket entry, to file a notice of appeal (150 days before the judgment was entered, plus 30 days to file a notice of appeal). Her February 3, 2012 Notice of Appeal was thus timely. Accordingly, we have jurisdiction to consider Powell's appeal.

## B.  Dismissal for Failure to Effect Service under Rule 4(m)

Rule 4(m) authorizes a district court to dismiss an action, after notice to the plaintiff, when "a defendant is not served within 120 days after the complaint." Fed. R. Civ. P. (4)(m). However, Rule 4(m) also provides that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Id. (emphasis added).[7]

Because she proceeded IFP, Powell was entitled to have the Marshal serve process on her behalf. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). In our recent decision in Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284 (11th Cir. 2009), this Court reversed a district court's dismissal of an IFP plaintiff's

---

[7]This Court reviews for abuse of discretion a district court's dismissal for failure to timely serve a defendant as required by Rule 4(m). Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009).

9

complaint for failure to comply with Rule 4(m). See id. at 1285, 1288. Because the facts in Rance were similar to those at issue here, we discuss Rance in detail.

In Rance, the plaintiff filed a complaint against his former employer, alleging violations of the ADA and the Fair Labor Standards Act. Id. at 1285. The district court granted the plaintiff IFP status and instructed the clerk to prepare the summons and copies of the complaint, and to give these documents to the Marshal to serve. Id. The defendant employer was not served within the 120-day period as required by Rule 4(m). Id. Consequently, 186 days after the plaintiff filed the complaint, the district court issued an order requiring the plaintiff "to show cause why his case should not be dismissed for failure to make service." Id. After the plaintiff did not respond to the show cause order, the district court, 24 days later, dismissed the complaint without prejudice. Id.

Nine days after the dismissal, the plaintiff filed a motion for reconsideration, stating that a medical illness had prevented him from responding to the show cause order. Id. & n.1. Two days after that, the plaintiff filed a notice reminding "the district court that it had ordered the United States Marshal to serve the defendants." Id. at 1285–86 n.1. The district court denied the motion for reconsideration and did not acknowledge the notice. Id. The plaintiff appealed the dismissal order. Id. at 1285.

10

On appeal, this Court held that the district court had abused its discretion when it dismissed the complaint for failure to timely serve the defendant.  First, this Court explained that, "[t]ogether, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal."  Id. at 1286 (internal quotation marks omitted).  We then said, the Marshal "must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint."  Id. (emphasis added) (internal quotation marks omitted).

We further acknowledged that "'if the plaintiff shows good cause for the failure [to timely serve the defendant], the court must extend the time for service for an appropriate period.'"  Id. at 1286 (quoting Fed. R. Civ. P. 4(m)).[8]  We then noted that the plaintiff had received IFP status and therefore was "entitled to rely on the court officers and the United States Marshals to effect proper service."  Id.

_____

[8]We then added,

> [e]ven if a district court finds that a plaintiff failed to show good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.  Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time."

Id. at 1286 (citations omitted) (quoting Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)).  Because this Court found a showing of good cause in Rance, we did not need to address if other circumstances warranted an extension of time.  See id. at 1287–88.  Likewise, we find a showing of good cause here, and thus do not proceed to this second step of the analysis.

11

at 1288 (internal quotation marks omitted).  In light of the plaintiff's IFP status, this Court adopted the following rule:  "[T]he failure of the United States Marshal to effectuate service on behalf of an in forma pauperis plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)."  Id. (emphasis added).

In Rance, we applied this rule and determined that good cause existed for the plaintiff's failure to timely serve the defendant.  We observed that: (1) for reasons unknown, the Marshal had failed to serve the defendant; and (2) "[n]othing in the record indicate[d] that [the plaintiff] share[d] in the Marshal's fault for failure to effectuate service."  Id.  Because good cause for the failure to serve existed, the district court had abused its discretion when it dismissed the complaint without first extending the time for service.  Id.; see also Richardson v. Johnson, 598 F.3d 734, 738–40 (11th Cir. 2010) (good cause for failure to comply with Rule 4(m) existed when Marshal failed to effectuate service on former prison guard-defendant although inmate-plaintiff could not provide Marshal with defendant's address but provided information sufficient to identify the defendant).

Similarly, here, because Powell was proceeding IFP, the Marshal was obligated to attempt to serve the defendants.  When the Marshal was unable to serve the defendants at the addresses that Powell provided on the first set of summons forms, Powell provided new addresses for each defendant.  After

completing the new summons forms, Powell was "entitled to rely on the . . . Marshals to effect proper service." Rance, 583 F.3d at 1288 (internal quotation marks omitted).

As was the case in Rance, there is no indication in the record that the Marshal ever tried to serve the defendants at the second set of addresses provided. Additionally, as of this juncture, "[n]othing in the record indicates that [Powell] shares in the Marshal's fault for failure to effectuate service" at the addresses provided on the August 23, 2011 summons forms. See id. Thus, Powell "should not be penalized for the failure to effect service where such failure is not due to fault on [Powell's] part." See id. (internal quotation marks omitted).

Certainly, Powell should have filed a formal response to the district court's show cause order. However, Powell did more than the plaintiff in Rance. Powell completed new summons forms within ten days of the show cause order. Moreover, in a July 29, 2011 letter—sent before the 120-day period for service expired—Powell advised the district court of the Marshal's inability to locate the defendants' registered agents and asked the district court to instruct the Marshal to make additional attempts at service. The plaintiff's failure to formally reply to the show cause order in Rance did not negate the existence of good cause, and thus we cannot say Powell's not replying did so here. See id. at 1285, 1288 (good cause

13

existed, despite the plaintiff's failure to file a response to the district court's pre-dismissal show cause order).

Because under <u>Rance</u> good cause existed for Powell's—a <u>pro se</u> plaintiff proceeding IFP—failure to effectuate service within the 120-day period set forth in Rule 4(m), Rule 4(m) required the district court to extend the time for service, and the district court abused its discretion when it dismissed the Amended Complaint. <u>See</u> Fed. R. Civ. P. 4(m).

Given the passage of time between the 2011 dismissal and this Court's 2013 opinion, we remand with the following instructions: (1) the district court shall advise Powell to state in writing, within 45 days of this opinion, whether she requests that the Marshal attempt to serve the defendants at the addresses provided on the August 23, 2011 summons forms or at some other addresses (to be provided by Powell on new summons forms completed within this 45-day period); and (2) if Powell responds in writing, within 45 days, the district court shall instruct the United States Marshal to attempt service at the addresses Powell selects. Accordingly, the district court shall extend the time for service for a total of 90 days.

### III. CONCLUSION

For the reasons stated, we vacate the district court's November 22, 2011 dismissal without prejudice and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

15