[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11101
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24686-UU


SUSAN LEVY,

                                                            Plaintiff-Appellant,

versus

NCL (BAHAMAS), LTD.,
d.b.a. Norwegian Cruise Lines,
d.b.a. NCL Getaway, NCL Corporation, LTD,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 20, 2017)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Susan Levy, proceeding *pro se*, appeals the district court's dismissal of her personal injury complaint against NCL (Bahamas), Ltd. and parent company NCL Corporation, Ltd. (collectively, "Norwegian") and denial of her two motions for relief from that dismissal under Federal Rule of Civil Procedure 60(b). On appeal, Levy argues that the district court abused its discretion when it dismissed her complaint and denied her Rule 60(b) motions. After careful review, we vacate and remand for further proceedings.[1] Even assuming the district court was within its discretion to dismiss Levy's complaint, it abused its discretion by denying Levy relief from the dismissal order under Rule 60(b).[2]

I.

Levy sued Norwegian in the Southern District of Florida in December 2015 for injuries she sustained almost a year prior aboard one of the company's cruise ships. The district court ordered Levy to serve and file returns of service on all defendants 14 days prior to the March 4, 2016 initial planning and scheduling conference, which would have been February 19, 2016. On January 13, more than

---

[1] Because we vacate and remand, Levy's pending "Motion for Leave to Supplement the Appellate Record and/or to Take Judicial Notice of Certain Facts" is DENIED as moot.

[2] Levy also argues that the forum selection clause in her passenger ticket contracts should be voided and the case should be transferred to the Southern District of New York. The district court expressly declined to address these issues; thus, they are not properly before us at this time. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007) ("When the district court does not address an issue, the better course of action often is to reverse the order of the district court and remand."). The district court may wish to entertain these arguments on remand.

a month before this deadline, the district court entered an order to show cause by January 20 why service had not been perfected. The order stated that failure to comply with the show cause order would result in dismissal of the complaint. On January 22, when Levy had not responded to the show cause order, the district court dismissed the complaint. The court's dismissal order failed to specify whether the dismissal was with or without prejudice.

Levy moved for relief from the order of dismissal under Rule 60(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 60(b)(1) (providing that a court may relieve a party from a final judgment, order, or proceeding if it arose from mistake, inadvertence, surprise, or excusable neglect). In support of her motion, Levy averred in an affidavit that she: (1) had properly commenced her suit by requesting a waiver of service from Norwegian; (2) had never received a copy of the order to show cause, either through a clerical error by the clerk or a failure of the Post Office to deliver the order; (3) lacked a Case Management/Electronic Case Files ("CM/ECF") account and therefore could not receive email notifications of orders from the court; and (4) had not anticipated the show cause order because, under the court's earlier order, she was not required to perfect service until February 19. She also attached to the motion a copy of a signed waiver of service from Norwegian.

3

The district court denied without prejudice Levy's motion, expressing doubt about the veracity of her statement that she received all of the court's orders except the show case order. The court ordered Levy to obtain access to CM/ECF and refile a Rule 60(b) motion for relief by February 19, 2016. On February 19, Levy filed a new Rule 60(b) motion. She asserted that she had made a good faith attempt to obtain a CM/ECF account but that the clerk's office had not responded to her request. She also argued that she was entitled to relief from the order of dismissal because, even had she been sent a copy of the show cause order, the order provided her only seven days to show cause, and this deadline failed to account for the fact that mail—the method of filing set forth in the rules governing *pro se* proceedings—took six days to be delivered from Florida to New York. In addition, Levy asked that her case be transferred to the Southern District of New York and noted that her claim was accompanied by a one year statute of limitations that began to run in December 2014, nearly a year before this suit was filed in December 2015.

The district court again denied Levy's motion. The court stated that the motion was "procedurally improper" because Levy did not need to have her case reinstated and then transferred to the Southern District of New York; rather,

4

"because this case was dismissed without prejudice," she could "simply re-file her case in the Southern District of New York." Doc. 18 at 2.[3] This is Levy's appeal.

## II.

The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion. *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). We also review the denial of a motion for relief from judgment under Fed. R. Civ. P. 60(b) for an abuse of discretion. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 n.2 (11th Cir. 1996). The abuse of discretion standard of review requires us to affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

## III.

Levy contends the district court abused its discretion by dismissing her complaint and denying her two motions for relief from judgment under Rule 60(b). For the reasons that follow, because we agree that the district court abused its discretion in denying relief under Rule 60(b), we need not address the initial dismissal of Levy's complaint.

---

[3] "Doc." refers to the numbered entry onto the district court's docket in this case.

If a plaintiff fails to prosecute or comply with a court order, the court may *sua sponte* dismiss the case. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 2000) (noting that a court generally is within its discretion to dismiss based on a litigant's disregard of an order, especially when the litigant has been forewarned). Unless the court's dismissal order states otherwise, such a dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). Moreover, even if a dismissal order expressly states that the dismissal is without prejudice, such a dismissal operates as one with prejudice if it has the effect of precluding the plaintiff from refiling her claim due to the running of a statute of limitations. *Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993).

Dismissals with prejudice are drastic remedies that are to be used only where a lesser sanction would not better serve the interests of justice. *Justice*, 6 F.3d at 1482 n.15. Thus, dismissals with prejudice are inappropriate unless the district court finds both that a clear record of delay or willful misconduct exists and that lesser sanctions are inadequate to correct such conduct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (involving sanctions under Fed. R. Civ. P. 41(b)). Mere negligence is insufficient to justify a finding of delay or willful misconduct. *Id.* We previously have held that cutting off a plaintiff's potentially meritorious

action is an unduly harsh sanction for failing to prosecute her claim or comply with a court order, absent willful or contumacious conduct. *See Justice*, 6 F.3d at 1481.

Here, even assuming the district court was within its discretion to dismiss Levy's complaint based on the information it had at the time (that Levy had failed to timely respond to the order to show cause), the court's subsequent denial of relief under Rule 60(b) amounted to an abuse of discretion. The district court's dismissal of Levy's complaint, which effectively was with prejudice, was unjustified under the circumstances.

First, the district court's dismissal of Levy's complaint was with prejudice. Under Rule 41(b), the district court's dismissal order—which failed to state whether the dismissal was with or without prejudice—operated as a dismissal with prejudice. Even if the district court's later clarification that its intent was to dismiss without prejudice could override the dictates of Rule 41(b), the court's dismissal effectively was with prejudice because refiling the complaint would cause Levy's new claim to be barred by the statute of limitations.[4] *See Justice*, 6 F.3d at 1482 & n.15.

Second, this with-prejudice dismissal was not, as required, accompanied by a finding of delay or willful misconduct and a determination that lesser sanctions

---

[4] For this reason, the district court was incorrect when, in its order denying Levy's second Rule 60(b) motion, it stated that Levy could simply refile her claim in the Southern District of New York.

would be inadequate.  *See Zocaras*, 465 F.3d at 483.  Indeed, Levy's failure to respond to the show cause order was, at most, the result of negligence.  *See id.* (noting that mere negligence is insufficient to support dismissal with prejudice). Levy provided evidence that she was actively prosecuting her case at the time of dismissal by seeking and obtaining a waiver of service from Norwegian prior to the February 19 deadline and within the 90 day time limit for service set out in Rule 4(m) of the Federal Rules of Civil Procedure, and neither the district court nor Norwegian identified any reason to believe that Levy was willfully delaying the proceedings.  *See Zocaras*, 465 F.3d at 483.  Indeed, to the extent there was any delay attributable to Levy—by, for example, her failure to obtain CM/ECF access to receive electronic court notifications—she explained in detail her legitimate reasons for it.  The district court had no principled reason to reject these uncontroverted explanations.  By failing to take into account Levy's explanations and entering a dismissal with prejudice based on conduct amounting, at worst, to negligence, the district court abused its discretion in denying Levy Rule 60(b) relief.  *See Rance*, 583 F.3d at 1286.

Therefore, we vacate the orders denying Levy's motions for relief from judgment and remand for further proceedings.

**VACATED AND REMANDED.**