[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11026
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-21639-CV-DMM

KELVIN RANCE,

Plaintiff-Appellant,

versus

ROCKSOLID GRANIT USA, INC.,
as owner of the fictitious
name Granite Transformations,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 28, 2009)

Before BIRCH, WILSON and FAY, Circuit Judges.

WILSON, Circuit Judge:

Kelvin Rance appeals the district court's dismissal without prejudice of his complaint for failure to timely serve Rocksolid Granit USA, Inc. ("Rocksolid") pursuant to Federal Rule of Civil Procedure 4(m). Relying on decisions from other circuits, Rance argues that the complaint should not have been dismissed for failure to serve the defendant because the district court clerk and the U.S. Marshal failed to prepare the summons and complaint and serve Rocksolid, as expressly directed by the district court and required by law. Rance also argues that he did not respond to the district court's show cause order because (1) he was confined in the hospital with complete kidney failure during the period in which the district court requested a response, and (2) he did not receive notice of the show cause order until after he was discharged from the hospital.

## I.

On June 26, 2007, Rance filed a complaint against Rocksolid, alleging that they fired him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, and the Fair Labor Standards Act, 29 U.S.C. § 206. On July 28, 2008, the district court granted Rance's "Amended Application to Proceed Without Payment of Fees and Affidavit," in which it specified the following: "[t]he Clerk of Court is instructed to prepare the summons and copies of the complaint and same shall be served by the U.S. Marshal. The U.S. Marshal shall file a return of service once

2

service is completed." On December 12, 2008, one-hundred and eighty-six days after Rance filed his complaint, the district court *sua sponte* issued an "Order to Show Cause," ordering Rance to show cause why his case should not be dismissed for failure to make service. On January 5, 2009, the district court dismissed Rance's case without prejudice. After the district court denied his motion for reconsideration, Rance timely appealed.[1]

## II.

We have not yet articulated the proper standard of review for a *sua sponte* dismissal pursuant to Federal Rule of Civil Procedure 4(m). "However, we review for abuse of discretion a court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m)." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007) (citing *Brown v. Nichols*, 8 F.3d 770, 775 (11th Cir. 1993) (applying the abuse of discretion standard of review to a dismissal pursuant to the predecessor to Rule 4(m), former Federal Rule of Civil Procedure 4(j))). "We also review for abuse of discretion a court's decision to grant an extension of time under Rule

---

[1] On January 14, 2009, after the district court dismissed his case, Rance filed "Plaintiff's Motion to Reconsider the Case Closure and Motion to Reopen Closed Case," in which he requested reconsideration based on medical illnesses. He did not mention that fact that the district court had ordered the United States Marshal to make service. Two days later, the district court denied that motion. Thereafter, Rance filed a notice, advising the district court that it had ordered the United States Marshal to serve the defendants. The district court did not issue another order, and Rance's notice of appeal followed.

3

4(m)." *Id.* (citing *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005)). Accordingly, an abuse of discretion is the proper standard of review here as well. The abuse of discretion review requires us to "affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (collecting cases discussing the abuse of discretion standard).

Rule 4(m) provides that,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (citation and alteration omitted). Even if a district court finds that a plaintiff failed to show good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be

4

effected within a specified time." *Id.* Nonetheless, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp*, 402 F.3d at 1132.

Section 1915, entitled "Proceedings in forma pauperis," instructs that "[t]he officers of the court *shall* issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d) (emphasis added). Federal Rule of Civil Procedure 4(c), likewise, requires that "[t]he court must so order [service to be made by a United States Marshal or deputy marshal] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. . . ." FED. R. CIV. P. 4(c)(3). "Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). *See also Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir. 1995) ("The Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis.").

**III.**

Our sister circuits have held that a plaintiff has shown "good cause" for

5

purposes of a dismissal pursuant to Rule 4(m) when a United States Marshal has failed to properly serve process through no fault of the plaintiff. *See Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (finding "good cause" and holding that the district court erred in dismissing a *pro se* inmate's case proceeding *in forma pauperis* for failure to effect service "because the U.S. Marshal had yet to effect personal process through no fault of the litigant"); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (holding "that a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant"); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (holding "that an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure"); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (providing that "[t]he [United States] Marshal's failure to accomplish the task [of effectuating service on behalf of a prisoner-

6

plaintiff where the district court instructed the Marshal to do so] is automatically 'good cause' within the meaning of Rule 4(j)"); *Dumaguin v. Sec'y of Health and Human Servs.*, 28 F.3d 1218, 1221 (D.C. Cir. 1994) (providing that "good cause existed under Federal Rule of Civil Procedure 4(j) to excuse [the plaintiff's] failure to personally serve the United States Attorney" where the plaintiff was proceeding *in forma pauperis* and the plaintiff repeatedly asked the United States Marshal to serve the United States), *cert. denied*, 516 U.S. 827 (1995); *Byrd*, 94 F.3d at 220 (providing that "the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constitutes a showing of good cause under [Federal Rule of Civil Procedure] 4"); *Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (per curiam) (reversing the district court's dismissal for failure to make timely service because "[w]aiver of service is the responsibility of the United States Marshal in these settings").[2] We have not yet addressed the application of Rule 4(m) in this unique factual context.

However in *Fowler v. Jones*, we addressed "the role of the clerk of the court

---

[2] While *Romandette*, *Rochon*, *Puett*, *Sellers*, and *Moore* involved prisoner-plaintiffs, *Dumaguin* and *Byrd* did not. *See also Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003). Moreover, the circuit courts in the former cases did not substantially rely on the incarcerated status of the plaintiffs in support of their holdings; rather, they emphasized the respective plaintiffs' *pro se* status proceeding *in forma pauperis* as well as Federal Rule of Civil Procedure 4(c)(3) and § 1915.

and the U.S. Marshal Service in serving complaints of parties proceeding *in forma pauperis*" against the backdrop of a district court's denial of a motion for a continuance. 899 F.2d 1088, 1094 (11th Cir. 1990). There, the district court allowed Fowler, an incarcerated *pro se* plaintiff, to proceed *in forma pauperis* in his 42 U.S.C. § 1983 action. Fowler named four defendants. At trial, when the district court indicated that there was only one defendant, Fowler objected. Defense counsel explained that only one defendant had been served. Fowler requested a continuance in order to serve the other defendants, but the district court denied the request. Fowler appealed.

We reversed, finding that the district court abused its discretion in denying the continuance. *Id.* at 1096. In reviewing the denial of a requested continuance, we considered four factors, the last of which is relevant here: "the extent to which [Fowler] might have suffered harm as a result of the denial." *Id.* at 1094 (citation omitted). Relying on *Puett*, *Romandette*, and *Rochon*, we held that "*in forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Id.* at 1095. We went on to distinguish *Rochon* and concluded that the district court abused its discretion in denying Fowler's request for a continuance.

8

We agree with the well-reasoned decisions of our sister circuits. Relying on *Fowler*, we hold that the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes "good cause" for the plaintiff's failure to effect timely service within the meaning of Rule 4(m). Here, the district court allowed Rance to proceed *in forma pauperis* and, in accordance with § 1915, it specifically instructed the United States Marshal to make service. Our precedent allowed Rance to rely on the Marshal to make service. *See id.* For reasons unknown to us, the United States Marshal did not do so. Nothing in the record indicates that Rance shares in the Marshal's fault for failure to effectuate service.[3]

Therefore, the district court abused its discretion by dismissing Rance's complaint without prejudice under Federal Rule of Civil Procedure 4(m) because the district court had directed the United States Marshal to serve the complaint, and the United States Marshal failed to do so through no fault of Rance.

---

[3] In *Rochon*, the Fifth Circuit ultimately found that the district court properly dismissed the plaintiff's claim. 828 F.2d at 1110. The Court reasoned that "[w]hile Rochon and other incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id*. This request requirement, however, is now moot insofar as it was based on a prior version of Rule 4 that "indicated that such a request was necessary." *Olsen*, 333 F.3d at 1204 n.4. The current version of Rule 4 imposes no such requirement. Further, there is no evidence in the record to demonstrate that Rance knew that the United States Marshal had failed to make service prior to dismissal.

## IV.

Upon review of the record on appeal, and after consideration of Rance's appellate brief, we vacate and remand for further proceedings.

**VACATED AND REMANDED.**