[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2011
JOHN LEY
CLERK

_____

No. 11-11646
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cv-00094-WTM-GRS

ROBERT PIERCE,

Plaintiff-Appellant,

versus

OFFICER PAT KYLE,
Pembroke Police Department,
CITY OF PEMBROKE,
JUDY COOK,
Mayor of Pembroke,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 13, 2011)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Pierce, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Pierce filed this § 1983 action against Officer Pat Kyle of the Pembroke Police Department, the city of Pembroke, and Judy Cook, as mayor of Pembroke, alleging several violations of the United States Constitution and O.C.G.A. § 40-13-54. However, Pierce did not effect timely service on the defendants, and the district court sua sponte dismissed the action under Fed.R.Civ.P. 4(m). On appeal, Pierce argues that the district court abused its discretion in dismissing his complaint for a violation of Fed.R.Civ.P. 4(m), on the ground that his delay in effecting service was due to delay on the part of the court in not issuing the summons to him. After careful review, we affirm.

We review a sua sponte dismissal of a complaint for failure to serve under Fed.R.Civ.P. 4(m) for abuse of discretion. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009). We affirm unless we "find that the district court has made a clear error of judgment, or has applied the wrong legal standard." Id.

Upon filing a complaint, "the plaintiff may present a summons to the clerk for signature and seal." Fed.R.Civ.P. 4(b). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed.R.Civ.P. 4(c)(1). Local rules require "the presentation of: . . . (b) a completed summons where service is to be effected" before the clerk can file a civil action. S.D. Ga. L.R. 4.1(1).

Pursuant to the Federal Rules of Civil Procedure,

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation and brackets omitted).

In this case, neither party contends that Fed.R.Civ.P. 4(m) is inapplicable. Although Pierce questions whether his complaint was truly "filed" until he had paid his partial filing fee for the in forma pauperis complaint, more than 240 days passed from the payment of the fee (May 12, 2010) until he attempted to serve the defendants (January 14, 2011). Thus, regardless of when the clock started to run, more than 120 days passed and so the initiation of sua sponte dismissal proceedings was proper under Fed.R.Civ.P 4(m).

Pierce's main argument, when construed liberally, is that he had good cause for the failure to serve because the district court failed to issue the summons to him so that he could serve the defendants. However, Pierce's belief that the court was required to issue the summons to him was based on law that had been changed more

3

than 15 years prior and that contravenes current federal and local rules. Since the Rules were amended in 1993, Pierce must look to current Fed.R.Civ.P. 4(b), (c)(1) and S.D. Ga. L.R. 4.1(1) for the rules governing service -- all of which, as quoted above, provide that the plaintiff, not the court, is responsible for initiating service. See also Fed.R.Civ.P. 4(b), Advisory Committee Note, 1993 Amendments ("The revised text makes clear that the responsibility for filling in the summons falls on the plaintiff, not the clerk of court."). Pierce's reliance on outdated law for the notion that the court was required to issue the summons to him without any action on his part does not amount to good cause, but rather to the sort of inadvertence and negligence that specifically is not good cause for delay. Therefore, the district court did not abuse its discretion in holding that Pierce's belief was not grounds for good cause and dismissing the complaint. Accordingly, we affirm the dismissal.

**AFFIRMED.**