[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10875
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00136-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON EDWIN REMALEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 22, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Aaron Remaley pled guilty to conspiring, in violation of 21 U.S.C. § 846, to distribute and to possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to prison of 121 months, a sentence at the low end of the sentence range prescribed by the Sentencing Guidelines. He appeals his sentence on the grounds that (1) the district court abused its discretion in entertaining the government's untimely objection to the failure of the Presentence Report ("PSI"), in applying the Sentencing Guidelines, to include an obstruction of justice adjustment of his base offense level under U.S.S.G. § 3B1.1; (2) the district court clearly erred by finding that he willfully obstructed or attempted to obstruct justice and thus increasing his base offense level under § 3CC1.1; and (3) his sentence is substantively unreasonable because, in light of the sentencing goals set out in 18 U.S.C. § 3553(a), it is greater than necessary and does not satisfy those goals.

Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

We review a district court's consideration of untimely objections to a PSI for abuse of discretion. *United States v. Edouard*, 485 F.3d 1324, 1351 (11th Cir. 2007). Rule 32(f)(1) of the Federal Rules of Criminal Procedure states:

> Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.

Fed. R. Crim. P. 32(f)(1).  However, if good cause is shown, a district court may "change any time limits prescribed in this rule" or allow a party "to make a new objection at any time before sentence is imposed."  Fed. R. Crim. P. 32(b)(2) and (i)(1)(D).

Although Rule 32 vests the district court with discretion to hear untimely objections when good cause for the delay is shown, none of our decisions have defined what constitutes "good cause" for purposes of the rule.  However, in other contexts, we have determined that good cause exists where "some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence" prevented the party from acting in a timely manner.  *E.g.*, *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (citation omitted) (finding in a civil case that the district court abused its discretion by dismissing plaintiff's complaint without prejudice for failure to comply with Fed. R. Civ. P. 4(m) where the U.S. Marshall had been directed to serve the complaint but failed to do so through no fault of the plaintiff).

We find no abuse of discretion here in the district court's finding that the government had good cause for raising its objection at the sentencing hearing.  It is undeniable that the government missed the 14-day window given for objections.

3

However, the delay was understandable. The objection was based on recorded jail calls, in which Remaley asked someone to wipe data on one of his phones that was in the custody of the Sheriff's Office. Although the government knew about the calls, it was unable to access the phone data in a readable format until shortly before the sentencing hearing. It could not raise the objection until it knew what was on the telephone. Had the phones not contained any evidence material to the investigation, then Remaley's jail call could still have been interpreted as an attempt to erase a phone but not as an attempt to obstruct justice. It was reasonable for the government to withhold its objection until it had established that it had grounds for the U.S.S.G. § 3B1.1 enhancement. The government's delay was not due to "inadvertence or negligence." *Rance*, 583 F.3d at 1286. Furthermore, Remaley has not shown that he was prejudiced by the untimeliness of the objection. Therefore, the district court did not abuse its discretion by allowing the government to raise the untimely objection.

## II.

The district court increased Remaley's base offense level under the U.S.S.G. § 3B1.1 adjustment, "Obstructing or Impeding the Administration of Justice." We review the findings of fact on which the court based the increase for clear error; we review *de novo* the court's determination that such findings supported the adjustment. *United States v. Doe*, 661 F.3d 550, 556 (11th Cir. 2011).

Section § 3C1.1 provides for the increase of the defendant's base offense level if

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

U.S.S.G. § 3C1.1.  An example of conduct deemed "obstructive" under § 3C1.1 is attempting to destroy or conceal or have another person destroy or conceal evidence that is material to the investigation.  *Id.* § 3C1.1 comment. (n.4(D)).  Conduct that warrants a § 3C1.1 adjustment for obstruction of justice usually indicates that the defendant has not accepted responsibility for his criminal conduct enough to earn an offense level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility, but there are extraordinary cases where both adjustments may apply. *Id*. § 3E1.1 comment. (n.4).

We find no clear error in the district court's finding that Remaley attempted to have someone destroy or conceal government evidence or the court's determination that the finding justified a § 3C1.1 application.  The first jail call transcript revealed that Remaley instructed the listener to have two persons, who were listed in Remaley's contacts as being associated with Sprint, "shut down" a number and "wipe it."  The second transcript showed Remaley was upset that "they"—presumably Sheriff's Office personnel—had "still been getting [his]

5

calls." From this evidence, the court reasonably inferred that Remaley tried to prevent law enforcement officials from having access to information on the phone he had with Sprint cellular service, which a government witness testified had incriminating information on it. Although Remaley presented evidence of his cooperation with authorities, this cooperation occurred a month or more after the attempt to have the phone wiped, and there was testimony that the cooperation attempts were limited and not very helpful. Thus, Remaley's attempted cooperation was not inconsistent with the finding of attempted obstruction of justice. Finally, Remaley's receipt of an acceptance of responsibility downward adjustment under § 3E1.1 did not preclude the court from applying § 3B1.1, especially when, as here, the attempt to obstruct justice occurred before the acceptance of responsibility. *See* 3E1.1 comment. (n.4).

## III.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set out in 18 § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See*

18 U.S.C. § 3553(a)(2).  The weight given to any specific § 3553(a) sentencing purpose is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  In addition to considering the § 3553(a) needs for a particular sentence, the court must consider the nature and circumstances of the defendant's offense, the defendant's history and characteristics, the kinds of sentences available, the applicable Guidelines sentence range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

We examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  Although we do not automatically presume that a sentence falling within the Guidelines sentence range to be reasonable, we ordinarily expect such a sentence to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Remaley does not demonstrate that his sentence was substantively unreasonable in light of the record and § 3553(a)'s sentencing objectives.  The sentence of 121 months' imprisonment falls within the Guidelines sentence, an indication of reasonableness.  *Hunt*, 526 F.3d at 746.  Furthermore, the sentence reasonably meets the sentencing goals of § 3553(a)(2) in light of the totality of the circumstances.  As the district court noted, Remaley had an extensive criminal

history, and had received a number of "breaks" by the state courts for similar drug offenses.  At the sentencing hearing, Remaley asserted that this instance was different and he knew "he need[ed] to leave his life of criminal conduct behind."  However, it was within the court's discretion to decide how much weight to give any specific § 3553(a) purpose, including those advanced by Remaley.  *Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  Considering Remaley's history and propensity for returning to drug trafficking, a custodial sentence within the guideline range was needed to promote respect for the law, provide just punishment, and deter him from further criminal activity.  *See* 18 U.S.C. § 3553(a)(2).

Although the district court placed specific emphasis on Remaley's criminal history, the record indicates that it did not do so "single-mindedly" to the detriment of all the other § 3553(a) factors.  Remaley argues that he presented mitigating evidence; however, the weight to be given a particular factor is within the discretion of the court.  The court's questions of Remaley indicate that it heard the factors he advanced, but simply did not find them convincing.  Remaley also argues that in order to avoid unwarranted sentencing disparities, he should be sentenced similarly to his co-defendant.  However, given that Remaley was the leader of the organization, was responsible for a greater quantity of marijuana, and had a higher criminal history, the disparity is not unwarranted.

8

We find Remaley's sentence not substantively unreasonable.  And since we find no error in his conviction, the district court's judgment is

AFFIRMED.