[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13350
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cv-80861-DMM


ALENS CHARLES,

Plaintiff-Appellant,

versus

RIC L. BRADSHAW,
as Sheriff of Palm Beach County Sheriff's Office,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2019)

Before ED CARNES, Chief Judge, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Alens Charles appeals the dismissal of his 42 U.S.C. § 1983 action for excessive force against Ric Bradshaw, as sheriff of the Palm Beach County Sheriff's Department, for failure to timely serve him.

I.

Charles, acting pro se, originally filed a § 1983 complaint against Bradshaw on July 20, 2017. The district court entered an order on August 7 instructing Charles on how to serve Bradshaw and noting that he must serve process on him within ninety days of filing the complaint as required by Federal Rule of Civil Procedure 4(m). On August 28 Charles filed an amended complaint that also named Bradshaw as the defendant.

As of October 5, Charles had still not asked the district court clerk's office to issue a summons, so the court ordered him to serve Bradshaw by October 18, which was ninety days after Charles had filed his original complaint. The court also ordered him to file proof of service by October 25. Charles did not serve Bradshaw by October 18. On November 1, the court ordered Charles to file, by November 10, either (1) proof of service on Bradshaw or (2) a showing of good cause why Charles was unable to timely serve Bradshaw with process. That order warned Charles that failure to comply with the November 1 order and Rule 4(m)

2

would result in the dismissal of the action without prejudice. Still Charles did not comply.

Instead Charles filed a letter with the district court on November 22 implying that he had served a "notice" of the case on Bradshaw and asked the court if he was "doing the right thing" with regard to handling his case. He was not. So the court again gave Charles detailed instructions about how to serve Bradshaw with the summons and a copy of the complaint. The court again told Charles that failure to comply with Rule 4(m) and the court's order would result in dismissal of his case without prejudice.

On December 12, Charles filed an alleged proof of service on the Palm Beach County Sheriff's Office. Bradshaw filed a motion to quash Charles' service as untimely and improperly served. On February 15, 2018, the district court granted Bradshaw's motion. One reason was that Charles had failed to timely serve process on Bradshaw within ninety days of his filing of a complaint, as required by Rule 4(m). This is Charles' appeal.[1]

## II.

A court "must dismiss the action without prejudice" as to a defendant if that defendant is not served within ninety days of the plaintiff filing the complaint and the plaintiff fails to show good cause for not serving the defendant within the

---

[1] Bradshaw filed a motion to dismiss this appeal for lack of jurisdiction, which this Court denied.

required timeframe.  Fed. R. Civ. P. 4(m).  We review a district court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a summons and complaint under Rule 4(m) only for abuse of discretion.  Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009).

Even "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."  See Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).  "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time."  Id.

The district court did not abuse its discretion in this case.  Charles failed to timely serve Bradshaw under Rule 4(m) and did not show good cause for his failure.  And the district court also considered the circumstances of Charles' case as required by Lepone-Dempsey before exercising its discretion to dismiss Charles' complaint.[2]

**AFFIRMED.**

---

[2] Because Charles failed to timely serve Bradshaw, we do not address whether that service was proper.

4