[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11645
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-02018-LCB-JHE

DEMITRIUS WAYNE FRITH,
a.k.a. Demitrius Wayne Alexander,

Plaintiff - Appellant,

versus

CHRISTOPHER CURRY,
Sheriff of Shelby County, Alabama,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 4, 2020)

Before JILL PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Demitrius Frith, a state inmate proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil rights complaint against the Sheriff of Shelby County, Alabama.  The district court dismissed Frith's suit under the Prison Litigation Reform Act ("PLRA") for failure to prosecute because he failed to pay his initial partial *in forma pauperis* ("IFP") filing fee.  Because the court took reasonable steps to determine why Frith failed to comply with its order, it did not abuse its discretion by dismissing Frith's complaint without prejudice.  Thus, we affirm the district court's dismissal.

Frith filed a complaint under 42 U.S.C. § 1983 against the Sheriff, alleging malicious prosecution, false imprisonment, and intentional infliction of emotional distress.  Frith alleged that the Sheriff illegally detained him for several months at the Shelby County jail for an obstruction of justice violation related to a case that was later dismissed.  He alleged that the pretrial detainment violated his Eighth and Fourteenth Amendment rights.

Frith moved for leave to proceed *in forma pauperis.*  The magistrate judge granted his motion and ordered him to pay an initial partial filing fee of $3.16 to

2

commence the action.[1]  To that end, the court required Frith to submit, within 30 days of the order, the initial partial filing fee along with a signed inmate consent form to authorize the court to collect additional payments from his inmate account at the prison until the full amount of the filing fee was satisfied.  The magistrate judge warned that if Frith failed to comply, his complaint may be dismissed without further notice.  Frith filed a signed consent form but did not pay the initial partial filing fee.

Three days later, the magistrate judge entered an order noting that Frith had returned the consent form but failed to pay the initial partial filing fee within the allotted time.  The order directed Frith to pay the $3.16 within 14 days, cautioning that his complaint may be dismissed without further notice if he did not comply.  Over a month later, the district court dismissed Frith's complaint without prejudice for failure to prosecute because he had failed to pay the initial partial filing fee or respond to the magistrate judge's order.  Frith appealed the dismissal.[2]

---

[1] The PLRA requires an incarcerated person bringing a civil action IFP to pay the full filing fee.  28 U.S.C. § 1915(b).  This provision applies to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."  *Id*. § 1915(h).  Although liable for the entire fee, the incarcerated person who is unable to pay the entire fee may "pay . . . in installments."  *Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002).

[2] We note that the appellee did not file a brief in this case.  *See* 11th Cir. R. 42-2(f) ("When an appellee fails to file a brief by the due date . . . the appeal will be submitted to the court for decision without further delay.").

We review the district court's dismissal of an action for failure to comply with its IFP order for abuse of discretion. *Wilson v. Sargent,* 313 F.3d 1315, 1318 (11th Cir. 2002). Generally, abuse of discretion review requires this Court to affirm unless it determines that the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286 (11th Cir. 2009). Although we construe *pro se* pleadings liberally, *pro se* litigants are nonetheless expected to comply with procedural requirements. *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007).

Before dismissing a prisoner's complaint for failure to comply with an IFP order directing the payment of an initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner complied with the order by authorizing payment by prison officials. *Wilson,* 313 F.3d at 1320-21. Steps the court can take include issuing a show-cause order, allowing objections to the magistrate judge's report, communicating with prison officials, and issuing an order to the custodial institution. *Id.* at 1321.

Ordinarily, a complaint should not be dismissed for failure to pay the filing fee when the district court determines that the inmate executed a consent form authorizing prison officials to remit the fee from the inmate's funds when the funds became available. *Id.* Proof that the inmate authorized payment typically confirms that nonpayment was not the inmate's fault but rather the result of prison officials'

4

inaction or a lack of funds in the inmate's account. *Id.* The concern underlying the duty to inquire is that a *pro se* inmate could be prejudiced by the prison's inaction even though he took all the appropriate steps to get the fee paid. *See id.* at 1321-22.

In this case, Frith submitted a signed consent form, but he failed to provide the partial payment or respond the magistrate judge's order, which was akin to an order to show cause why he had not remitted payment. Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint.

We conclude that the district court took reasonable steps to determine whether Frith complied with the magistrate judge's order directing the payment of the initial partial filing fee. The court therefore did not abuse its discretion by dismissing the case without prejudice after Frith failed to comply.

**AFFIRMED.**