[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13184

Non-Argument Calendar

_____

CHRISTIAN DOSCHER,

                                                    Plaintiff-Appellant,

*versus*

JAMES PATRICK HOLDING, et al.,

                                                    Defendants,

APOLOGETICS AFIELD, INC.,
a Florida Corporation,

                                                    Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01322-WWB-EJK

————————————————

Before JORDAN, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Christian Doscher, *pro se*, appeals the district court's dismissal without prejudice of his fourth amended complaint and the district court's dismissal with prejudice of his fifth amended complaint based on the court's conclusion that both filings were shotgun pleadings. For the reasons set forth herein, we affirm the dismissal of Doscher's lawsuit.

## I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY

Doscher filed his first complaint in the district court against James Holding, alleging 27 counts of libel *per se* based on Holding's online posts on a website entitled "DoscherLeaks" about Doscher's prior lawsuits, mental stability, and litigious nature. The magistrate judge allowed Doscher to amend his complaint, finding that he had failed to state a claim of libel *per se*. The magistrate judge warned that failure to file an amended complaint addressing the deficiency could result in dismissal of the case.

Doscher then filed an amended complaint against Holdings, adding Apologetics Afield, Inc. ("Apologetics") as a defendant. In

the 148-page complaint, Doscher brought 32 allegations of libel *per se* and libel *per quod*. The magistrate judge found that the second amended complaint also failed to clearly state a claim for libel *per quod* and granted Doscher leave a second time to amend the complaint with another warning regarding the consequences of violating the pleading rules.

Doscher's second amended complaint was dismissed as moot after he filed a third amended complaint. The magistrate judge found that the third amended complaint also violated the pleading requirements in Fed. R. Civ. P. 8, but the judge allowed Doscher to file yet another amended complaint, warning him again that if the same problems appeared in another amended complaint, his case could be dismissed.

In his fourth amended complaint, Doscher brought 187 counts of libel *per se* against Apologetics and a new defendant, Jiaoshi Ministries, Inc. ("Jiaoshi Ministries"). Spanning 134 pages, Doscher included quotations of allegedly libelous online posts from "DoscherLeaks," which had been reposted to several other blogs and websites, YouTube videos on a channel called "tektontv," and replies to comments on other websites. The comments referred to court filings or attorney statements from Doscher's prior lawsuits regarding his abuse of the judicial process, his vexatious or frivolous litigation, his personality disorder, his emotional maturity, and accusations of criminal activity. Allegedly libelous comments cited in previous counts were often treated as a predicate for other libel counts. The fourth amended complaint was replete

with citations to case law, and Doscher failed to specify which defendant made which allegedly libelous statement.

Upon Apologetics's motion to dismiss, the magistrate judge issued a report and recommendation ("R&R"), recommending that Doscher's fourth amended complaint be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 8(a) and 10(b), and this Court's prohibition against shotgun pleadings.

Following Doscher's objections, the district court reviewed the R&R and concluded that Doscher's fourth amended complaint should be dismissed, but without prejudice. The district court found that Doscher's fourth amended complaint was vague and repetitive, with unsupported legal conclusions, immaterial facts, and unnecessary citations to legal authorities. It warned Doscher that his next amended complaint should be limited to the alleged facts supporting his causes of action, without citing to legal authority, and should specify which defendants were responsible for which actions. It gave Doscher one last attempt to amend his complaint and warned Doscher that failure to file an amended complaint complying with its order would result in a dismissal with prejudice.

Doscher filed his fifth and final amended complaint only against Apologetics. The complaint, spanning 213 pages, contained 187 counts of libel *per se*. Notably, his factual allegations appeared to be the same as those from his fourth amended complaint, but with additional allegations related to damages. Doscher's allegations were repetitive, with most of the counts predicated upon the count preceding it. Moreover, without connection to any specific

count, he alleged that Apologetics intended to harm him and showed express malice, while also citing to actions Holding—a non-party—took against him.

The district court *sua sponte* dismissed Doscher's fifth amended complaint with prejudice, determining that the complaint was an impermissible shotgun pleading. It found that, despite some modest changes, the amended complaint—now 80 pages longer than the previous one—still contained vague and repetitive allegations and unnecessary references to legal sources, rendering it difficult if not impossible for the sole remaining defendant—Apologetics—to respond. Ultimately, the district court highlighted that Doscher had received multiple opportunities to comply with pleadings rules but had shown an unwillingness to abide by the court's orders. Thus, the court concluded that dismissing the case with prejudice was appropriate. Doscher's appeal followed.

## II.    STANDARD OF REVIEW

We review the dismissal of a shotgun pleading on Rule 8 or Rule 10 grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Under the abuse-of-discretion standard, we must affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). Although we construe pleadings filed by *pro se* parties liberally, *pro se* litigants must still conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir.

2007).  Our duty to liberally construe a *pro se* plaintiff's complaint "is not the equivalent of a duty to re-write it for the plaintiff." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Further, claims should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Lengthy complaints that incorporate dozens of paragraphs of allegations into each count are neither "short" nor "plain." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (holding that a 28-page complaint with 123 paragraphs that were each incorporated into all 16 counts "patently violate[d]" Rule 8); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (identifying a complaint as a shotgun pleading when each count incorporated by reference the claims made in a section of 146 numbered paragraphs of general factual allegations, while also incorporating the allegations of the count or counts preceding it).

We have identified four categories of shotgun pleadings—complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or against

whom particular causes of action are being brought. *Weiland*, 792 F.3d at 1321-23. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. This Circuit has "little tolerance for shotgun pleadings" as "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks and brackets omitted) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

A district court may dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits[.]" *Weiland*, 792 F.3d at 1320. In such cases, the district court must allow the litigant at least one chance to remedy the deficiency before dismissing the case with prejudice. *Vibe Micro, Inc.*, 878 F.3d at 1296. If the court permits the plaintiff to amend and explains in its repleading order how the complaint violates the shotgun pleading rule, but the plaintiff still fails to remedy the shotgun pleading issues, the court does not abuse its discretion in dismissing the case with prejudice. *Id.* at 1295-96.

As an initial matter, although the district court did not explicitly cite what rule it relied upon in dismissing Doscher's fourth

amended complaint, the order clearly referenced shotgun pleading principles as the basis.  Accordingly, we will review the dismissal of the fourth amended complaint for an abuse of discretion. Under this standard, the district court did not abuse its discretion because Doscher's fourth amended complaint was the quintessential example of a shotgun pleading.  *Weiland*, 792 F.3d at 1321-23.  The district court gave Doscher appropriate and specific instructions on how to adequately plead his claims in a way that complied with federal pleading standards.  Yet, Doscher's amended pleading was still replete with vague or immaterial facts not connected to any cause of action, relied on preceding counts as factual support for his claims, failed to identify which defendant should be liable for which alleged conduct, and contained multiple unnecessary legal citations.

The district court also did not abuse its discretion in dismissing Doscher's fifth amended complaint with prejudice.  The final amended complaint contained deficiencies similar to his original and other amended complaints despite the multiple opportunities and instructions Doscher received to correct those problems.  Doscher also received several warnings, and was therefore on notice, that his failure to comply with federal pleading rules could result in the dismissal of his case.

## III.    CONCLUSION

For the reasons set forth herein, the district court's dismissals of the Appellant's fourth and fifth amended complaints are **AFFIRMED.**