[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12598

Non-Argument Calendar

_____

BRAD ALBERT,

Plaintiff-Appellant,

*versus*

AMERICAN FAMILY INSURANCE COMPANY,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN STANDARD INSURANCE COMPANY OF
WISCONSIN,
AMERICAN FAMILY LIFE INSURANCE COMPANY,

Defendants-Appellees.

2                    Opinion of the Court                    24-12598

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03274-ELR

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Bradley Albert, *pro se*, appeals from the district court's order dismissing, without prejudice, his complaint asserting claims of fraud, breach of contract, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for failure to effect service on the named defendants. He argues that he had good cause for not serving the defendants and that the defendants waived service by responding to his objection to a report and recommendation prepared by a magistrate judge.

We review a district court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a summons and complaint under Rule 4(m) of the Federal Rules of Civil Procedure for abuse of discretion. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). We will affirm unless we conclude that the district court made a clear error of judgment or applied the wrong legal standard. *See id.*

Upon filing his complaint, the plaintiff is responsible for ensuring the summons and complaint are served within the time

24-12598                Opinion of the Court                3

required by Rule 4(m). *See* Fed. R. Civ. P. 4(c)(1). Pursuant to Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007) (quotation marks omitted and alteration adopted).

In lieu of service of process, the plaintiff may mail the defendant a waiver of service of summons and allow the defendant 30 days to return the waiver. *See* Fed. R. Civ. P. 4(d)(1). When the plaintiff files a waiver, proof of service is not required, and the Federal Rules apply as if a summons and complaint had been served at the time of filing a waiver. *See* Fed. R. Civ. P. 4(d)(4).

The district court did not abuse its discretion in dismissing the complaint without prejudice. First, Mr. Albert failed to serve the defendants within 90 days, the defendants did not waive service, and he has not established good cause for his failure to effectuate service. As the magistrate judge explained, Mr. Albert was not

misled about the defendants having been served when he called chambers and spoke to a law clerk. *See* D.E. 9 at 7-9. Second, a month after this phone call to chambers, the magistrate judge ordered Mr. Albert to serve the defendants by November 13, 2023, yet he did not take any action to effect service. *See id.* at 9-10. Third, the defendants did not waive service of process. Their response to Mr. Albert's objection was not a Rule 12 motion, a general appearance, or a responsive pleading. *See In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("[A] party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading[,] or general appearance.").

Accordingly, we affirm.

**AFFIRMED.**