**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11123
Non-Argument Calendar
_____

CHARLES L. RUSH,

*Plaintiff-Appellant,*

*versus*

GEICO GENERAL INSURANCE CO.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-62342-MD

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Charles Rush, proceeding pro se, seeks to hold GEICO General Insurance Company responsible for paying medical bills he incurred after a car accident. He filed a complaint in federal

court against GEICO in December 2023. But his case hit an early roadblock: he failed to properly serve the company. Not only that, he failed to respond to GEICO's motion to dismiss for insufficient service of process. So the district court granted GEICO's motion, explained to Rush why his service did not suffice, and allowed him to try again within a specified timeframe. *See* Fed. R. Civ. P. 4(m). But that time passed, and GEICO was not properly served. The district court dismissed the action without prejudice.

Rush raises many grievances on appeal—including "fraud on the court," discrimination, and personal injury. Notably absent from his briefing is any assertion that the district court wrongly dismissed his action for insufficient service of process. Rush thus abandoned this argument. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). But even if he did not, the district court did not abuse its discretion in dismissing his complaint. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). In Rush's latest attempt to serve the company, he mailed a copy of the complaint to GEICO's corporate address. But neither the Federal Rules nor the Florida Rules of Civil Procedure authorize service by certified mail unless the defendant agrees to waive service. *See* Fed. R. Civ. P. 4(h)(1)(A); Fla. R. Civ. P. 1.070(i); *Transport & Gen. Ins. Co. v. Receiverships of Ins. Exch. of the Americas, Inc.*, 576 So. 2d 1351, 1352 (Fla. Dist. Ct. App. 1991). GEICO did not waive service here. Accordingly, the district court properly dismissed the action for insufficient service of process.

24-11123                 Opinion of the Court                    3

★      ★      ★

We **AFFIRM** the district court's judgment. [1]

---

[1] We also **DENY** Rush's motions to drop criminal charges, for default judgment, and for summary judgment.