**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11394

Non-Argument Calendar

_____

HARRY LEE GOLDSBORO, II,

*Plaintiff-Appellant,*

*versus*

SHERIFF WAYNE IVEY,
   Individual and official capacity,
MAJOR TORQUADO,
   Sheriff Brevard County, individual and official capacity,
MAJOR WILSON,
   Deputy Sheriff Brevard County, individual and official capacity,
MAJOR SAMUEL,
   Deputy Sheriff Brevard County, individual and official capacity,

*Defendants-Appellees,*

LIEUTENANT MAGGIE, et al.,

*Defendants.*

—————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-01361-PGB-LHP

—————————————

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Harry Goldsboro, II, a Florida pretrial detainee[1] proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging that officials at Brevard County Jail violated his 8th and 14th Amendment rights. The district court dismissed his complaint because he had failed to pay an initial partial filing fee by the district court-imposed deadline and because the district court determined that he had failed to submit a prisoner consent form and financial certificate. For the reasons stated below, we vacate the district court's dismissal of Goldsboro's action and remand for the action to proceed on the merits.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2024, Goldsboro filed a 42 U.S.C. § 1983 complaint against Wayne Ivey, the Sheriff of Brevard County, Florida and Major Torguado, Major Wilson, and Major Samuel, deputy sheriffs at the county jail. Goldsboro twice amended his complaint after a magistrate judge ordered him to do so because his complaint

—————————————

[1] Goldsboro was a pre-trial detainee in a county jail when he filed his complaint. He subsequently was convicted and transferred to the Florida Department of Corrections.

had not adequately set forth his claims. Goldsboro then requested permission to file a third amended complaint, which the magistrate judge allowed.

In Goldsboro's third amended complaint, which is the operative pleading in this appeal, he alleged that Sheriff Ivey implemented and enforced cruel and unusual punishment against him, in violation of the 8th and 14th Amendments, by forcing him to remove his mat and bedding from his cell for 16 hours per day for 30 days. He alleged that the deputy sheriffs also violated his constitutional rights through their continued enforcement of this policy. Goldsboro alleged that the removal of his mat and bedding caused him to reinjure a herniated disk in his lower back, and caused injury to his neck, shoulders, hip, and sciatic nerve because he had to sleep on a steel bunk. Goldsboro then filed a motion for an extension of time to file his prisoner consent form and financial certificate and a motion to proceed in forma pauperis.

On November 20, 2024, the magistrate judge entered an order granting Goldsboro's motion to proceed in forma pauperis and assessing him an initial partial filing fee of $78.21. The order gave Goldsboro 30 days to pay the fee and stated that failure to comply could result in dismissal of his case without further notice. The magistrate judge also granted Goldsboro's motion for an extension of time to file his prisoner consent form and financial certificate, providing him with an additional 21 days to file the documents. The magistrate judge stated that failure to comply could result in the dismissal of his case without further notice.

Goldsboro filed a motion for an extension of time to pay the filing fee. On December 23, 2024, the magistrate judge entered an order extending Goldsboro's deadline to pay the fee to January 24, 2025. The magistrate judge reiterated that if Goldsboro failed to pay this fee by the deadline, his case could be dismissed.

On January 5, 2025, Goldsboro filed a "motion to recalculate filing fee and for extension," which the district court construed as an objection to the magistrate judge's November 20th order. The district court overruled the objection, but granted Goldsboro an extension until February 18, 2025, to pay the full $78.21 initial fee. The district court stated that failure to do so would result in the dismissal of his case and that no further extension of time would be granted without extraordinary circumstances.

On February 5, 2025, Goldsboro filed another application to proceed in forma pauperis. Along with this application, he attached a certificate listing his account sum, his 6-month inmate balance report, and a completed prisoner consent and financial certificate, which listed his current inmate account balance at $0.09. The attached prisoner consent form authorized jail officials to make payments from his inmate account towards the initial filing fee.

Goldsboro also filed an objection to the district court's order overruling his objection to the filing fee, which the court construed as a motion for reconsideration. The district court denied the motion and gave Goldsboro until March 4, 2025, to fully comply with the court's November 20, 2024, order. Goldsboro filed a second objection to the district court's order. He stated that on February

25-11394　　　　　　　Opinion of the Court　　　　　　　　5

6, 2025, he mailed a $10 money order for this case, and on the same date he filed his second objection, he mailed two more money orders, for $30 and $29. Docket entries dated February 20, 2025, and March 6, 2025, reflect that the district court received $50 from Goldsboro towards the fee.[2] He stated that he was making a good-faith effort to comply with the court's order but had challenges because he had three pending cases, which all required filing fees, and because the Brevard County Jail's finance office took at least a week to process his payments, which would cause his payment to be late. He stated that he was attempting to coordinate with his family to arrange the full payment.

On March 12, 2025, the district court denied Goldsboro's second objection and dismissed his case. The district court stated that Goldsboro had paid only $50 of his $78.21 initial fee. The court also stated that Goldsboro had failed to file his prisoner consent form and financial certificate. The district court noted that Goldsboro had been advised that failure to fully comply with the magistrate judge's November 20, 2024, order would result in the dismissal of his case. Accordingly, the court dismissed his case for failure to obey a court order. The district court also denied Goldsboro's outstanding motion to proceed in forma pauperis but did not acknowledge the attached prisoner consent form and financial certificate.

---

[2] Another docket entry, dated January 22, 2025, shows that Goldsboro paid an additional $5. The district court applied this $5 payment to one of Goldsboro's other active cases.

Goldsboro filed an objection to the district court's order which the court construed as a motion for reconsideration. Goldsboro argued that the delay in his payment of the fee was caused by the jail's inability to timely process his payment, which forced him to coordinate with his family to make the payment. He argued that the district court did not issue a show cause order prior to dismissing his case for failure to pay. Further, he argued that he believed he had paid the entire fee only a few days after the district court's March 4th deadline. In an attached "update to objection to court's order," he clarified that he received notification from the clerk of court on March 21, 2025, that the money order for $30, which would have covered the remaining balance for his initial fee, was returned because the date was illegible. He stated that "[t]he clerk's letter reflects that the money order was received by at least March 13th, 2025" but was not processed due to the illegible date. He requested that the court allow him to resubmit the money order and proceed with the case. He also argued that the district court erred in dismissing his case for failure to submit the prisoner consent form because he had submitted the form before the dismissal of his case. The district court denied Goldsboro's motion, noting that the court had explained what Goldsboro needed to do and had granted him extensions of time to comply with its orders.

Goldsboro timely appealed.

## II.    STANDARD OF REVIEW

We review a district court's dismissal of an action for failure to comply with an order of the court for abuse of discretion. *Wilson*

*v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002).  Generally, abuse of discretion review requires us to affirm unless the district court applied the wrong legal standard or made a clear error of judgment. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).  When a district court orders dismissal on more than one independent ground, a party who appeals that order must demonstrate that every ground for dismissal is incorrect.  *Buckley v. Sec'y of Army*, 97 F.4th 784, 800 (11th Cir. 2024).

## III.    ANALYSIS

Pro se pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  Nevertheless, this liberal construction does not entitle a court to serve as de facto counsel to a pro se party or rewrite deficient pleadings.  *Id.* at 1168-69.  Pro se litigants are still required to conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Rule 41(b) of the Federal Rules of Civil Procedure states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Inherent in a district court's authority to enforce its own orders and promptly dispose of the cases on its docket is the court's power to dismiss a plaintiff's complaint.  *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025), *petition for cert. filed*, (U.S. Jan. 09, 2026) (No. 25-808).

Under the Prison Litigation Reform Act ("PLRA"), once the district court assesses an initial partial filing fee, the inmate is liable

for its payment. *See* 28 U.S.C. § 1915(b)(1); *Wilson*, 313 F.3d at 1320. A court abuses its discretion when it dismisses a prisoner's complaint sua sponte without inquiring into why the fee was not paid as ordered. *Wilson*, 313 F.3d at 1320. We have recognized that, because "an imprisoned plaintiff cannot pay his fee simply by writing and mailing a check to the clerk of court" and must instead rely on prison officials to process the payment, "a prisoner's failure to pay his filing fee may be caused by circumstances beyond his control, in which case his complaint should not be dismissed." *Id.* at 1320-21. Thus, before dismissing a prisoner's complaint for failure to comply with an IFP order directing the prisoner to pay an initial partial filing fee, the district court must first provide the prisoner with an opportunity to explain his failure to comply and must take reasonable steps to determine whether the prisoner complied with the order by authorizing prison officials to pay the fee. *Id.* at 1321. These steps may include issuing a show-cause order, allowing objections to the magistrate judge's report, communicating by telephone, fax, or e-mail with officials of the custodial institution, and issuing an order to the custodial institution. *Id.* "When the district court determines that the prisoner did execute a consent form or otherwise authorized the prison officials to remit his or her fee when the funds became available, the complaint ordinarily should not be dismissed for nonpayment of the filing fee." *Id.*

Here, we conclude that the district court abused its discretion in dismissing Goldsboro's complaint for failure to submit his prisoner consent form and financial certificate because he submitted these documents prior to the dismissal. *See Wilson*, 313 F.3d at

1318. And even though Goldsboro submitted these documents after the deadline set by the magistrate judge, the district court's order dismissing his case was nonetheless erroneous as the district court found that he had not filed them at all. *See Rance*, 583 F.3d at 1286.

We also conclude that the district court abused its discretion in dismissing the complaint for failure to pay the initial filing fee because the court did not acknowledge that Goldsboro had authorized the jail officials to pay the fee. We further conclude that the district court did not inquire into the reasons the filing fee was not paid in full. *See Wilson*, 313 F.3d at 1321. Goldsboro's authorization to jail officials to pay the fee, as well as his multiple payments to the court, suggests that his failure to pay was the result of circumstances beyond his control. *See id.* at 1320-21. Goldsboro had explained to the district court that processing payment through the jail system was slow, that he had paid a portion of the filing fee, and that he was making good faith efforts to comply with the court's order by coordinating with family members to arrange the payment.

Additionally, Goldsboro had informed the district court that he received notification from the clerk of court on March 21, 2025, that the money order for $30, which would have covered the remaining balance for his initial fee, was returned because the date on the money order was illegible. Goldsboro thus advised the district court that "[t]he clerk's letter reflects that the money order was received by at least March 13th, 2025" but was not processed

due to the illegible date.  He thus requested that the district court allow him to resubmit the money order and proceed with the case.

## IV.    CONCLUSION

For the foregoing reasons, we vacate the district court's dismissal of Goldsboro's action and remand for the action to proceed on the merits.

**VACATED AND REMANDED.**