[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10299

Non-Argument Calendar

_____

KAREN C. YEH HO,

Plaintiff-Appellant,

*versus*

VALENCIA ISLES HOMEOWNERS ASSOCIATION, INC.,
A not for profit Florida Corporation,
CASTLE MANAGEMENT, INC.,
CASTLE MANAGEMENT, LLC,
(Castle Group, Trade Mark) A Florida for Profit Corporation LLC,
DEBRA ROSMARIN,
KENNETH HELLMAN, et al.,

2                  Opinion of the Court                  21-10299

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81612-RAR

————————————

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Karen Yeh-Ho appeals the dismissal without prejudice of her *pro se* complaint that Valencia Isles Homeowners Association, Incorporated, its board members, its management company, and a real estate broker discriminated against her in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(b), 3617. We affirm.

In September 2020, Yeh-Ho filed her complaint. The district court promptly sent her a two-page order that described her duties as a *pro se* litigant, which included responding timely to opponents' filings and complying with its orders, and that warned of the possibility of sanctions for noncompliance. On November 3, 2020, the defendants moved jointly to dismiss the complaint.

On November 18, 2020, the district court *sua sponte* ordered Yeh-Ho to "show cause, in writing, why the Motion should not be granted by default and why [she] failed to file a timely response"

and warned her that, should she "not comply . . ., [it would] grant the Motion by default pursuant to Local Rule 7.1(c) without further notice." *See* S.D. Fla. L. R. 7.1(c)(1). On November 24, 2020, Yeh-Ho filed a notice of a change of address, and the district court mailed to her new address copies of the scheduling order, the motion to dismiss, and the order to show cause. On December 9, 2020, Yeh-Ho filed another notice of a change of address.

On December 22, 2020, the district court dismissed Yeh-Ho's complaint without prejudice. The district court ruled that Yeh-Ho "not only failed to file a timely Response to Defendants' Motion to Dismiss, but also failed to cure the default by the deadline imposed . . . [in the] Order to Show Cause— despite . . . [its] explicit warning that the Motion would be granted by default without further notice." And the district court found that Yeh-Ho had received the motion to dismiss and order to show cause because those documents were never "returned as undeliverable."

On January 19, 2021, Yeh-Ho filed a notice of supplemental authority. Yeh-Ho argued that the opinion was "pertinent to" the defendants' argument that she "failed to state a claim . . . for violation of the Fair Housing Act[] under 42 U.S.C. § 3604 . . . on page[] 2" of the motion to dismiss. Three days later, Yeh-Ho filed her notice of appeal.

The defendants ask us to dismiss Yeh-Ho's appeal because the district court docketed her written notice on January 25, 2021, but her notice was timely filed under the mailbox rule. Yeh-Ho had "30 days after entry of the . . . order" of dismissal, or until January

21, 2021, to file her notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). Yeh-Ho's written notice was timely because it contained her sworn statement that, on the final day to file, she had deposited the notice in the internal mail system of the "Florida Women's Reception Center." *See id.* R. 4(c)(1)(A)(i). So, we have jurisdiction over this appeal.

We review the dismissal of Yeh-Ho's complaint for abuse of discretion. *See Betty K Agencies v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under that standard, we will reverse only if the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

The district court did not abuse its discretion. Yeh-Ho failed timely to respond to the defendants' motion to dismiss, despite being ordered to do so. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983). And we cannot say that the district court clearly erred in finding that Yeh-Ho could have responded in the light of her continued filings and her belated response to the motion to dismiss. Yeh-Ho blames her tardiness on being "unable initially to receive mail and . . . [lacking] access to basic suppl[ies] . . . [and] research" materials, but we will not consider an argument for relief that Yeh-Ho failed to present to the district court. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We **AFFIRM** the dismissal without prejudice of Yeh-Ho's complaint.