[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13865

Non-Argument Calendar

_____

RACHELLE GENDRON,

                                                    Plaintiff-Appellant,

*versus*

GWEN CONNELLY,
in her official capacity as District Attorney of St. Clair County,
LAMAR WILLIAMSON,
in his official capacity as District Attorney of St. Clair County,
SHERIFF, ST. CLAIR COUNTY
PENNEE BARRON,
THIRTIETH JUDICIAL COURT OF ALABAMA, et al.,

                                                    Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-01205-ACA

————————————

Before LAGOA, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Rachelle Gendron, proceeding *pro se*, appeals from the district court's final order dismissing with prejudice her amended 42 U.S.C. § 1983 civil complaint. After Gendron filed her original complaint, the district court struck it as a shotgun pleading and directed Gendron to replead. In the order directing her to replead, the court explained how Gendron had violated the shotgun pleading rule and provided detailed instructions on how Gendron could correct the issues in her complaint. Thereafter, Gendron filed an amended complaint, but the district court found that the amended complaint "ha[d] continued to fail to follow the procedural requirements under Federal Rules of Civil Procedure 8(a)(2) and 10(b)," and dismissed the complaint with prejudice. On appeal, Gendron argues that the district court's with-prejudice dismissal was unwarranted because her failure to comply with the court's repleading order was merely a result of her inexperience in pleading as a *pro se* litigant, not willful and deliberate misconduct. After careful review, we affirm.

We review a district court's dismissal of a shotgun pleading on Rule 8 or 10 grounds for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018); *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Under the abuse-of-discretion standard, we must affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). While we construe pleadings filed by *pro se* parties liberally, *pro se* litigants still must conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, claims should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Shotgun pleadings generally fall into four categories, namely, complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland*, 792 F.3d at 1321–23. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or

another "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

We've repeatedly condemned shotgun pleadings. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases in which we have rejected shotgun pleadings), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *as recognized in Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020). In so doing, we've held that a district court can dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro*, 878 F.3d at 1295 (quotation omitted). And, if the court permits the plaintiff to amend and explains in its repleading order how the offending complaint violates the shotgun pleading rule, but the plaintiff still fails to remedy the shotgun pleading issues, the court does not abuse its discretion in dismissing the case with prejudice. *Id.* at 1295–96.

In this case, the district court did not abuse its discretion by dismissing Gendron's complaint with prejudice for being a shotgun pleading. *See id.* The dismissal order explained that Gendron "ha[d] continued to fail to follow the procedural requirements of pleadings under Federal Rules of Civil Procedure 8(a)(2) and 10(b)," and concluded that the amended complaint "still fail[ed] at its job of notifying the defendants 'of the claims against them and the grounds upon which each claim rest[ed].'" It added that our Court repeatedly has condemned shotgun pleadings and that the district

court had the authority to dismiss a complaint solely on the basis of being a shotgun pleading.  Thus, to the extent Gendron suggests that the district court dismissed her complaint for any reason other than being a shotgun pleading, the record belies this claim.

Further, although Gendron was proceeding *pro se*, it was well within the district court's discretion to dismiss the amended complaint as a shotgun pleading.  *See Albra*, 490 F.3d at 829.  As the record reflects, Gendron was given an opportunity to amend her complaint according to the court's specific instructions and with a warning that a failure to do so could result in dismissal.  In its order directing her to replead, the district court explained to Gendron that her amended complaint should: (1) contain a separate count for each claim with a factual basis for that claim only; (2) include headings for each count identifying the specific defendant(s) against whom the claim was asserted and the statute or law under which the claim was brought; and (3) avoid conclusory statements, providing a specific example from Gendron's complaint about the district attorneys she sued, with instructions on how to correct it.

But despite the court's warning, Gendron cured only *one* of the three deficiencies identified by the court -- that is, she provided a basis for each constitutional violation she alleged.  However, the amended complaint still did not articulate any specific claims against the defendants nor did it include headings for each count.  Further, it continued to raise conclusory assertions of her innocence and entitlement to relief and largely reasserted her prior allegations against the originally named parties.  Notably, the

amended complaint retained the conclusory statement about the district attorneys that the court had identified as problematic in its repleading order.

On this record, the district court did not abuse its discretion in dismissing Gendron's complaint with prejudice. Moreover, the district court was not required to grant Gendron yet another chance to amend the complaint since she does not argue, and the record does not show, that she ever sought leave to amend from the district court. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (holding that a *pro se* plaintiff must generally be given "*one* chance to amend the complaint before the district court dismisses the action with prejudice") (emphasis added), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that the rule in *Bank* does not apply to counseled plaintiffs).

**AFFIRMED.**