[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14235

Non-Argument Calendar

_____

TAMIKO N. PEELE,
Individually on Behalf of Themselves,

Plaintiff-Appellant,

*versus*

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,
A Division of State Farm, Through Its Claim No. 59-33N5-00H
and Claim No. 59-33N5-4L, in their Official and Individual Capacity,
C/O Chief Financial Officer,
ST. LUCIE MEDICAL CENTER URGENT CARE,
A Division of HCA Florida St. Lucie Hospital,
UNITED STATES OF AMERICA, INC.,

Through Its United States Postal Service Inc., Its Postmaster General Louis Dejoy, Matthew Celona, Mail Handlers, and Mail Carriers for 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and Does 1-3 Inclusive in their Individual Capacity,
UNITED STATES OF AMERICA, INC.,
Through its United States Postal Service, Inc., Its Postmaster General Louis Dejoy, Michael V. Vechitto, Mail Handlers and Mail Carriers for P.O. Box 8106, Fort Lauderdale, Florida 33310 Does 1-3 Inclusive in their Individual Capacity,
UNITED STATES POSTAL SERVICE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14386-AMC

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Tamiko Peele, proceeding *pro se*, appeals the district court's dismissal of her complaint without prejudice as a shotgun pleading, its order denying her motion to remand and recuse the district

court judge, and its order denying her motion to certify an inter-locutory appeal. The United States and St. Lucie Medical Center Urgent Care ("St. Lucie Medical Center") respond by moving for summary affirmance of the district court's orders, arguing that Peele abandoned her challenges to the orders by failing to raise them in her initial brief and that the orders were correct on the merits.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

We review the dismissal of a shotgun pleading on Fed. R. Civ. P. 8(a)(2) or 10(b) grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The denial of a motion for recusal is also reviewed for abuse of discretion. *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). Under the abuse-of-discretion standard, we must affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). The denial of a motion to remand

to state court is reviewed *de novo*. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

Although we construe pleadings filed by *pro se* parties liberally, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). A *pro se* appellant abandons a claim when she fails to raise it in her initial brief, makes only passing references to it, or raises it in a perfunctory manner without supporting arguments and authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-81, 683 (11th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, claims should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

We have identified four categories of shotgun pleadings—complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321-23. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another "to give the

defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A district court can dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted). In such cases, we have required the district court to allow the litigant one chance to remedy the deficiency before dismissing the case with prejudice. *Id.* at 1296.

Section 1442(a)(1) permits the "United States or any agency thereof" to remove a civil action against it that is commenced in state court. 28 U.S.C. § 1442(a)(1). A judge has a duty to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." *Id.* § 455(a). This includes when she has a bias regarding a party. *Id.* § 455(b).

Summary affirmance is warranted here because Peele abandoned her challenges to all three orders by failing to adequately raise them in her initial brief. Peele clearly abandoned any challenge to the order denying certification of an interlocutory appeal, as she makes no argument about that order in her initial brief or her response. *Sapuppo*, 739 F.3d at 680-81, 683. She also abandoned the challenges to the orders dismissing her complaint and denying her motion for remand and recusal because she did not argue that her complaint was not a shotgun pleading until her response to the motions for summary affirmance and made only passing references to the orders for remand and recusal, which was insufficient. *Id.*

Even if she has not abandoned challenges to the orders dismissing her complaint and denying her motion for remand and recusal, the district court did not abuse its discretion in dismissing her complaint without prejudice because it was a shotgun pleading that incorporated allegations from preceding counts. *Weiland*, 792 F.3d at 1321-23. It also did not abuse its discretion in denying the motion to recuse because it was unclear as to which judge and on what grounds Peele requested recusal, so the district court did not make a clear error of judgment in denying the motion. *Rance*, 583 F.3d at 1286. And the district court did not err in denying the motion to remand because a U.S. agency is allowed to remove a case to federal court. 28 U.S.C. § 1442(a)(1).

As for Peele's motion for fees and costs, we deny it because Peele did not show that the appellees acted in bad faith.

Accordingly, because the United States's and St. Lucie Medical Center's position is clearly correct as a matter of law, we GRANT the motions for summary affirmance and DENY Peele's motion for fees and costs. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**