**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12667

Non-Argument Calendar

————————————————

ISABEL DEL PINO ALLEN,

*Plaintiff-Appellant,*

*versus*

GEICO GENERAL INSURANCE COMPANY,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-23477-BB

————————————————

Before LUCK, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Isabel del Pino Allen appeals the district court's determination that her amended complaint brought against GEICO General Insurance Company was an impermissible shotgun pleading. After

careful review, we find no abuse of discretion and affirm.

## I. BACKGROUND

In August 2024, del Pino Allen, proceeding pro se, filed suit against GEICO General Insurance Company in Florida state court. GEICO removed the case to the United States District Court for the Southern District of Florida and moved to dismiss the complaint as an impermissible shotgun pleading. The district court granted the motion but allowed del Pino Allen leave to amend.

In its order, the court outlined the federal pleading requirements and explained that the initial complaint was deficient because del Pino Allen did "not set forth which claims, in separate counts, she [was] bringing against [GEICO], nor [did she] tie her factual allegations to a specific count." The court determined, however, that del Pino Allen should be allowed to amend because, by its estimation, she "[wa]s attempting to bring a bad faith" claim, "which [wa]s distinct from the" breach of contract and fiduciary duty claims that had been rejected in her previous suit against GEICO.

In January 2025, del Pino Allen filed her amended pro se complaint, which is the operative pleading in this appeal. Liberally construing the complaint, del Pino Allen appeared to allege that she was in a car accident with a GEICO-insured driver and that Florida law required GEICO, rather than her insurer, to settle the damage to her vehicle. The amended complaint provided a basis for federal court jurisdiction, listed the monetary relief sought, and contained a "Statement of Claim" section. It did not, however,

identify any specific legal claims in separate counts.

Within the "Statement of Claim" section, del Pino Allen alleged that GEICO: (1) engaged in deceptive practices when settling her claim; (2) incorrectly determined that her vehicle was not a "total loss" under Florida law; (3) made "false proclamations" and acted "seemingly [in] 'bad faith'"; (4) "maliciously[] aggravated" her "physical and emotional suffering" by denying coverage for a kidney stone treatment purportedly linked to the car accident; and (5) harassed her during the two prior legal proceedings she had pursued against the company. In further discussing her previous suits against GEICO, del Pino Allen also appeared to contend that a district court misinterpreted Florida law in determining that she was not the "owner" of the subject vehicle.

GEICO again moved to dismiss the amended complaint on shotgun-pleading grounds, which the district court granted. The court found that del Pino Allen's amended complaint was a shotgun pleading because it did not clearly articulate which causes of action she intended to assert against GEICO. It further observed that del Pino Allen misinterpreted the court's online instructions for pro se litigants "to suggest that she should not specifically reference the causes of action which would allow her to file a lawsuit." The court elaborated that, despite numbering the paragraphs of her amended complaint, del Pino Allen still failed to articulate her allegations with sufficient clarity to put GEICO on fair notice of the claims she wished to pursue. It additionally noted that del Pino Al-

len made contradictory statements between her amended complaint and other filings—particularly about whether she intended to pursue a bad faith claim—which rendered her operative pleading confusing and "fatally defective."

The district court likewise found that allowing del Pino Allen another opportunity to amend would be futile. It observed that she "repeatedly represent[ed]" in her response to GEICO's motion to dismiss that she did not intend to assert a bad faith claim and found that there was "no indication that [she] [could] cure her [complaint's] deficiencies with additional opportunities to amend."

Del Pino Allen then moved for relief from the judgment pursuant to Federal Rule of Civil Procedure 59(e). She maintained that her complaint was procedurally compliant and plausibly asserted violations of Florida law, that the district court failed to "explicitly reference [any] alleged deficiencies" in her operative filing, and that the court improperly based its dismissal upon information outside of the "four corners" of her amended complaint. She further suggested that both GEICO and the district court misinterpreted Florida law, and that the court made "insinuation[s]" in its dismissal order that would prejudice her in any appeal to our Court. Del Pino Allen additionally contended that the court should have inferred that the contradictions between her filings were no more than inadvertent typographical errors.

The district court denied the motion, finding that none of del Pino Allen's arguments provided a basis for Rule 59(e) relief. The court reiterated the deficiencies it had previously flagged in del

Pino Allen's filings and noted that, even drawing reasonable inferences and crediting del Pino Allen's purported typographical errors, it could not discern the intended causes of action. It further found that it was entitled to consider documents other than del Pino Allen's complaint in concluding that dismissal with prejudice was the appropriate remedy—including GEICO's motion and reply and the relevant judicial records. Finally, the court noted that del Pino Allen's continued argument that GEICO violated specific Florida statutes was an impermissible attempt to relitigate a matter that was comprehensively resolved when dismissing one of her previous actions.

Del Pino Allen now appeals.

## II. STANDARD OF REVIEW

We review for abuse of discretion both a district court's dismissal of a complaint on shotgun-pleading grounds and denial of a Rule 59(e) motion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018); *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719 (11th Cir. 2020). Under this deferential standard, we must affirm unless the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

## III. DISCUSSION

The Federal Rules of Civil Procedure require a complaint to contain a short and plain statement of a claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the claim is and the

grounds upon which it rests." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). A plaintiff must also state the claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Complaints that violate these rules are referred to as shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic" of these deficient pleadings is their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. We conclude that the court did not abuse its discretion in determining that del Pino Allen's pleadings met these criteria.

The district court explained that del Pino Allen's initial complaint was, among other things, "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Nonetheless, the court allowed del Pino Allen the opportunity to amend her complaint. In doing so, the court advised del Pino Allen of the applicable pleading standards and instructed her how to correct the identified deficiencies.

Despite these instructions, del Pino Allen still failed to correct the issues with her complaint. While she numbered the paragraphs of her amended complaint, she did not separate her claims for relief into different counts. *Id.* at 1322–23. Rather, she made loose references throughout her filing to Florida statutes without explaining how those statutes connected to the facts she alleged.

*See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a complaint was a shotgun pleading where it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief").

The disorganized form of del Pino Allen's amended complaint left both GEICO and the district court without adequate notice of the claims she wished to pursue or what plausible facts she believed entitled her to relief. *See Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (Shotgun pleadings are "never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of [their] causes of action, or how they do so."). And because del Pino Allen failed to correct these pleading deficiencies after receiving a meaningful chance to amend, the district court acted within its discretion in dismissing her complaint. *See Vibe Micro, Inc.*, 878 F.3d at 1297; *Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019).

The district court also reasonably determined that allowing further amendment would have been futile, as "the complaint as amended would still be properly dismissed." *Silberman*, 927 F.3d at 1133 (citation modified). Del Pino Allen apparently wishes to allege causes of action under Fla. Stat § 319.30(3)(a)(1)(a) and (a)(2) in the instant case, but, as the district court appropriately noted, those claims were already rejected in one of her previous suits against GEICO. And while del Pino Allen could potentially pursue a bad faith claim, she has made clear both before the district court and this Court that she has no intention of raising that cause of action.

8                   Opinion of the Court                   25-12667

In reaching its conclusions, the district court properly considered the record before it at the motion-to-dismiss stage. The court was entitled to consider facts arising out of del Pino Allen's previous unsuccessful suits against GEICO, particularly where del Pino Allen specifically referenced such court proceedings in her complaint. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

In short, the leniency we afford pro se litigants is not unlimited, *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014), and we do not require district courts to "parse" through "incomprehensible allegations," *Est. of Bass*, 947 F.3d at 1358. Shotgun pleadings—such as del Pino Allen's filings in this case—"waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc.*, 898 F.3d at 1295 (citation modified). The district court therefore acted within its broad "inherent authority to control its docket" in dismissing del Pino Allen's amended complaint with prejudice. *Id.* (citation modified).

The district court similarly did not abuse its discretion in denying del Pino Allen's Rule 59(e) motion. "The only grounds" for such relief "are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation modified). In her motion, del Pino Allen primarily reiterated her arguments about the adequacy of her complaint and attempted to relitigate issues resolved in her previously dismissed suit against

GEICO. As the district court correctly concluded, none of these arguments provide a basis for Rule 59(e) relief. *Id.* (explaining that Rule 59(e) motions may not be "used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment" (citation modified)); *see Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

## IV. CONCLUSION

We **AFFIRM** the dismissal of del Pino Allen's amended complaint with prejudice and the denial of her Rule 59(e) motion.